**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENDRICK JERMAINE  FULTON,** | § | |
| **#30080-177,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:15-CV-2772-B-BK** |
| | § | |
| **CHARLES SAMUELS, JR., et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Plaintiff, a federal inmate, filed a *pro se* civil rights complaint along with a motion for leave to proceed *in forma pauperis*.  For the reasons that follow, it is recommended that this case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has already accrued three strikes under section 1915(g).  The United States District Court for the Western District of Texas previously found Plaintiff was barred by three strikes.  *See Fulton v. Department of Justice*, No. 1:14-CV-297 (W.D. Tex., Austin Div., Apr. 11, 2014) (collecting the following strike upon dismissal: *Fulton v. City of Amarillo*, No. 2:06-CV-269 (N.D. Tex. Apr. 3, 2007) (dismissed with prejudice as frivolous and for failure to state a

Page **1** of **3**

claim); *Fulton v. State of Texas*, No. 2:05-CV-265 (N.D. Tex. Nov. 15, 2005) (dismissed for failure to state a claim); *Fulton v. State of Texas*, *appeal dismissed as frivolous*, No. 05-11383, 217 Fed. Appx. 371 (5th Cir. Feb. 13, 2007)).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Even when liberally construed, the complaint presents no such claim.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  Although Plaintiff asserts that Defendants "are subjecting him to extreme heat conditions while he is housed in SHU pending investigation," Doc. 3 at 2, the Court finds no indication that, as of the filing of the complaint, he was under imminent danger of serious physical injury.   His pleadings are silent about any possible adverse effect on his health as a result of being exposed to high temperatures as of August 20, 2015, when he submitted the complaint for filing.  *Banos*, 144 F.3d at 884.  The Court further notes that Plaintiff complains only that he "cannot access the courts because the law library is too hot which makes research impossible," that he is "not being treated the same as other federal prison inmates housed in SHU at low security facilities," and that subjecting him to extreme heat in SHU pending a minor investigation amounts to cruel and unusual punishment. Doc. 3 at 3-4.

Plaintiff is thus barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that, that Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of

an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice

to the refiling of this lawsuit with full payment of the $400.00 filing fee. [1]

       **SIGNED** August 31, 2015.

 

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See* id.  The $50 administrative fee will not be deducted.  *Id.*